# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Andre Morning, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | C/A No. 8:23-cv-01530-TMC |
| ) | |
| Warden R.S. Dunbar, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Andre Morning, Jr., a federal prisoner proceeding *pro se*, filed this petition for relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 8).

As more fully detailed in the Report, Petitioner pled guilty in the Northern District of Alabama to two counts of possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Morning*, No. 2:16-cr-00316-MHH-JEH, Dkt. Nos. 7, 13 (N.D. Ala.). Petitioner was subsequently sentenced to a total of 157 months, consisting of 97 months on the two counts of possessing with intent to distribute methamphetamine and 60 months on the § 924(c) count to run consecutively, followed by five years of supervised release. *Id*. at Dkt. No. 18. Petitioner concedes he did not file a direct appeal, and he did not file a motion to vacate or set aside his convictions or sentence under 28 U.S.C. §

2255. (ECF No. 1 at 3–4). Petitioner notes he waived the right to do so as part of his plea agreement. *Id.*

Petitioner claims he was erroneously sentenced because the government failed to establish that he was possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 6. As recognized by the magistrate judge, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). However, § 2255 includes a savings clause provision which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e). Section "2255(e), the so-called 'saving clause' . . . permits someone—who must otherwise file under § 2255—to file under § 2241 instead if § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Bell v. Streeval*, 147 F.4th 452, 456 (4th Cir. 2025) (citing § 2255(e)). "However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful[.]" *White v. Rivera*, 518 F. Supp. 2d 752, 754 (D.S.C. 2007), *aff'd*, 262 F. App'x 540 (4th Cir. 2008). "Resort to § 2241 via the saving clause and filing in the judicial district of imprisonment is permitted only in 'the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court.'" *Bell*, 147 F.4th at 463 (4th Cir. 2025) (*quoting Jones v. Hendrix*, 599 U.S. 465, 474 (2023)). Furthermore, "impossibility and impracticability are not defined with reference to the prisoner's ability to succeed; rather, they are defined with reference to the prisoner's ability to seek relief from the sentencing court." *Id*. The magistrate judge concluded that Petitioner offered no basis for satisfying the savings clause of § 2255(e) and recommended that the petition be dismissed for lack of jurisdiction. (ECF No. 8 at 9). *See Holzer v. Brown*, No. 25-6351, 2025 WL 2965746 (4th Cir.

Oct. 21, 2025) (noting that where a § 2241 petitioner "cannot challenge his sentence under the savings clause, the court lack[s] jurisdiction over his petition").

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)

(noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

In his objections, Petitioner primarily suggests he had no avenue through which he could mount a collateral attack on his conviction and sentence, which amounted to an unconstitutional denial of due process or suspension of the writ. (ECF No. 12 at 2). The court rejects this argument. *See Telemaque v. Jason*, No. 2:23-cv-1436-TMC, 2024 WL 939228, at *3 (D.S.C. Mar. 5, 2024) (rejecting the argument that "the restrictions imposed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA) on successive habeas petitions—*including the requirements imposed by the savings clause* as set forth above—amount to an unconstitutional suspension of the writ of habeas corpus") (internal quotation marks omitted). As noted, the inadequacy or ineffectiveness of § 2255 is not determined by "reference to the prisoner's ability to succeed." *Bell*, 147 F.4th at 463. Therefore, § 2255 is not "inadequate or ineffective" for Petitioner to pursue a collateral attack on his conviction or sentence merely because he waived his right to do so as part of his plea agreement. *See Jones v. Warden*, 822 Fed. App'x 784, 786 (10th Cir. 2020); *Muse v. Daniels*, 815 F.3d 265, 266–67 (7th Cir. 2016).

4

After a careful and thorough review of the petition, the Report, and Petitioner's objections under a *de novo* standard, the Court agrees with and adopts the recommendation of the magistrate judge to the extent it recommends dismissing the petition for lack of jurisdiction.[1] Accordingly, the Court concludes that Petitioner failed to satisfy the savings clause set forth in § 2255(e) and **DISMISSES** the petition for lack of jurisdiction, without prejudice and without requiring a return.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 19, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Notably, the magistrate judge did not have the benefit of *Bell v. Streeval*, 147 F.4th 452, 456 (4th Cir. 2025), at the time she issued her Report. In fact, the Report's analysis follows the more lenient standards regarding the savings clause pre-*Bell* in this Circuit, and even under those more lenient standards, the magistrate judge determined that Petitioner had failed to satisfy the savings clause. Because the standards discussed in the Report have been replaced by *Bell*, the court adopts the *recommendation* of the magistrate judge but has laid out the reasoning for adopting such recommendation herein through its *de novo* review.